LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

HOMERO R. VENTURA,
on behalf of himself and
FLSA Collective Plaintiffs, and the Class,

       Plaintiff,

    v.

721 GOURMET FARM, INC
    d/b/a GOURMET 45, and
245 GOURMET FOOD, INC
    d/b/a CAFÉ 28, and
BOBBY KANG, and
EUI CHUN WHANG
    Defendants.

Case No.:

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

**Jury Trial Demanded**

---

      Plaintiff, HOMERO R. VENTURA ("Plaintiff"), on behalf of himself and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby files this Complaint against Defendants, 721 GOURMET FARM, INC, 245 GOURMET FOOD, INC ("Corporate Defendants"), BOBBY KANG and EUI CHUN WHANG ("Individual Defendants", and collectively with the Corporate Defendants, "Defendants"), and states as follows:

1

## INTRODUCTION

1.  Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law, he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff, HOMERO R. VENTURA, is a resident of Queens County, New York.

6.  The Defendants operate an enterprise comprised of two restaurants with names and addresses as follows:

    (a)  Gourmet 45 — 721 3RD AVE, New York, NY 10017;

    (b)  Café 28 — 5TH AVE/ 28TH ST, New York. NY 10016.

7.  Corporate Defendants operate as a single integrated enterprise. Specifically, they are engaged in related activities, share common ownership and have a common business purpose. Based on Plaintiff's witness and conversations with other co-workers employed by Gourmet 45 and Café 28, employees and supplies are interchangeable among the Restaurants as needed.

8. Upon information and belief, Corporate Defendant, 721 GOURMET FARM, INC, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 721 3RD AVE, New York, NY 10017.

9. Upon information and belief, Corporate Defendant, 245 GOURMET FOOD INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 245 5TH AVENUE, New York, New York, 10016.

10. Upon information and belief, individual Defendant, BOBBY KANG, is the manager of 721 GOURMET FARM, INC. Defendant, BOBBY KANG exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Moreover, Defendant, BOBBY KANG exercised functional control over the business operations and financial operations of the Corporate Defendant. Plaintiff was hired by BOBBY KANG.

11. Upon information and belief, individual Defendant, EUI CHUN WHANG, is the Chief Executive Officer of 721 GOURMET FARM, INC and 245 GOURMET FOOD INC. Defendant, EUI CHUN WHANG exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Moreover, Defendant, WHANG, EUI CHUN exercised functional control over the business operations and financial operations of the Corporate Defendant.

12. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

14. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including, but not limited to counterman, cook, food preparer, stock boy, cashier) by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

16. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiff and FLSA Collective Plaintiffs their proper minimum wage and overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

17. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

18. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons (including, but not limited to counterman, cook, food preparer, stock boy, cashier) employed by Defendants at each of their business locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

19. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

20. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

21. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay the proper overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty per workweek, (iii) failing to pay "spread of hours" premium, (iv) failing to provide proper notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law and (v) failing to provide wage statements to Class members that are in compliance with the requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against the corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law;

e) Whether Defendants provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law;

f) Whether Defendants paid Plaintiffs and Class members the federal and state minimum wage for all hours worked;

g) Whether Defendants failed to properly compensate Class Members for their overtime compensation; and

h) Whether Defendants paid Plaintiff and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

**STATEMENT OF FACTS**

26. On or about November 2012, Plaintiff, HOMERO R. VENTURA, was hired to work as a deli counterperson at Defendants' Gourmet 45 business. Plaintiff's employment by Defendants terminated on or about December 2017.

27. During his employment, Plaintiff regularly worked eight (8) hours per day, 5 days per week and twelve (12) hours on Saturday for a total of approximately 52 hours per week. FLSA Collective Plaintiffs and Class Members similarly worked in excess of forty (40) hours each workweek.

28. From the beginning of his employment until in or about November 2012, Plaintiff was paid a fixed salary of $540 per week in cash. There was never any agreement that Plaintiff's fixed weekly salary was intended to cover his overtime compensation.

29. FLSA collective Plaintiffs and Class Members worked similar hours, and were similarly paid on a fixed salary basis, even though they never agreed that the fixed salaries, that they received would cover overtime hours in excess of forty (40) each workweek. During 2016 and 2017, Plaintiff's average hourly rate of compensation fell below the New York state minimum wage. Likewise, FLSA Collective Plaintiffs and Class Members were paid at rates that were, on average, below the applicable minimum wage.

30. Plaintiff, likewise, worked shifts exceeding 10 hours in duration at least once per week. Class members had workdays that regularly exceeded ten (10) hours in length. However, Defendants never paid Plaintiff or Class Members the "spread of hours" premium as required by New York Labor Law.

31. Defendants unlawfully failed to pay Plaintiff, the minimum wage for all hours worked under New York Labor Law.

9

32. Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

33. Defendants unlawfully failed to pay Plaintiff and Class members spread of hours premium as required under New York Labor Law.

34. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage notices or wage statements as required by New York Labor Law. In addition, Defendants provided Plaintiff and Class Members with fake paystubs. Plaintiff and Class Members did not receive the amounts written on the paystubs.

35. Plaintiff retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiff realleges and reavers Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendants were and continue to engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, the Corporate Defendant had gross revenues in excess of $500,000.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

41. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime wages, plus an equal amount as liquidated damages. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

45. Plaintiff realleges and reavers Paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

47. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

48. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

49. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

50. Defendants willfully violated Plaintiff's rights by operating their business with a policy and practice of time shaving and refusing to pay Plaintiffs for all their compensation earned due to off-the-clock work.

51. Defendants willfully violated Plaintiff's and Class members' rights by paying them on a fixed salary basis when Plaintiffs and Class members were non-exempt employees who should have been paid an hourly rate.

52. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

53. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiff and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

54. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid spread of hours premium, statutory penalties, liquidated damages, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, and spread of hours premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 21, 2018

>Respectfully submitted,
>LEE LITIGATION GROUP, PLLC
>C.K. Lee (CL 4086)
>Anne Seelig (AS 3976)
>30 East 39th Street, Second Floor
>New York, NY 10016
>Tel.: 212-465-1188
>Fax: 212-465-1181
>*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*
>By:   /s/ C.K. Lee
>      C.K. Lee (CL 4086)