## Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   (212) 465-1188
                   cklee@leelitigation.com

January 28, 2019

**VIA ECF**
The Honorable Katherine H. Parker, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                Re:   *Ventura v. 721 Gourmet Farms, Inc., et al.*
                        Case No. 18-CV-1575

Dear Judge Parker:

    We are counsel to Plaintiff and write, jointly with counsel to Defendants, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

    The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).

    In this matter, the parties have reached a settlement of $4,500 for Plaintiff's wage and hour claims. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $4,500.00, of which $2,734.00 is being allocated to the Plaintiff, Homero R. Ventura. Attached hereto as **Exhibit B** are damage calculations for Plaintiff's alleged unpaid compensation, calculated to be $24,142.25 in backwages (11.3% recovery).

However, Plaintiff's damage calculations assume that all the facts alleged by Plaintiff are entirely correct. Defendants, on the other hand, contend that Plaintiff is owed very little, if anything, and provided substantial payroll records to demonstrate that Plaintiff was properly paid. Plaintiff alleges that he was improperly paid on a fixed-salary basis of $540.00 per month. However, Defendants provided (i) punch cards that the show the exact hours worked by Plaintiff and (ii) receipts of the payments made to Plaintiff that match the punch cards, including an hourly rate and a proper overtime rate, which were signed by Plaintiff upon receipt of payment. Defendants also provided copies of the wage notice which was provided to and executed by Plaintiff, in accordance with the Wage Theft Prevention Act. According to Defendants' records, Plaintiff's only remaining potential claim is his unpaid spread of hours premium under the NYLL, which amounts to $2,353.25 (100% recovery).   Due to the nature of Plaintiff's claims and the documents provided by Defendants, Plaintiff would run the risk of being unable to convince a jury that he was not properly paid. If Defendants were to succeed at trial in establishing that Plaintiff worked less hours and was properly paid an hourly rate and the corresponding overtime rate, Plaintiff's damages would be significantly reduced, and he would run the risk of obtaining less than the payment he is receiving in the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating his claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Plaintiff believes the amount of $4,500.00 (an amount which was proposed by the Court) is a fair result, obtaining a reasonable amount of the alleged backwages plus attorney's fees, while eliminating the risks of trial. In fact, continuing the litigation and proceeding to trial would be highly risky to Plaintiff as he would run the risk of receiving a smaller amount than what is allocated to him in the settlement.

**The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive a recovery of alleged backwages plus attorneys' fees, and eliminating the burdens and costs of further litigation. The settlement was reached with the assistance of Your Honor at a settlement conference.

**The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $4,500.00 settlement amount, $1,366.00 is allocated to attorneys' fees and $400.00 in costs (filing fee). The legal fees and costs equal 1/3 of the settlement amount after the deduction of costs, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiff's counsel's fees of $1,366.00 are fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing for and attending a settlement conference, preparing and serving Defendants with discovery demands, analyzing Defendants' discovery production, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Respectfully submitted,

_s/ C.K. Lee_
C.K. Lee, Esq.

Encl.